UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Ahoka Isaac Lokombe

v.                                                      Case No. 1:26-cv-00253-JL-TSM
                                                        Opinion No.  2026 DNH 056

David Wesling, et al.


**ORDER ON PETITIONER'S SECOND
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Ahoka Isaac Lokombe seeks immediate release from his ongoing immigration detention after an Immigration Judge denied his release in a custody redetermination (bond) hearing.  Lokombe was released into the United States in November 2024, re-detained by ICE six months later, and is now under an order of removal.  The Immigration Judge found, based on his short length of residence in the United States and the procedural posture of his immigration proceedings, that he was a flight risk no amount of bond could ameliorate.  Lokombe now challenges the constitutional sufficiency of the bond hearing under the Due Process Clause of the 14th Amendment to the Constitution.  Respondents move to dismiss the petition, arguing that the Immigration Judge's determination was constitutionally sufficient, that this court lacks jurisdiction to review the Immigration Judge's order under 8 U.S.C. § 1226(e), and that Lokombe failed to exhaust his administrative remedies by appealing the Immigration Judge's decision to the BIA.

Having reviewed the parties' briefing and held oral argument, the court finds that § 1226(e) does not preclude review of the Immigration Judge's decision for constitutional sufficiency, nor was the petitioner required to exhaust his administrative remedies, but that the Immigration Judge did not violate Lokombe's due process rights when she found by a preponderance of the evidence that he was a flight risk.

## I.    Background

Lokombe, a national of the Democratic Republic of Congo, entered the United States in October 2024.[1]  Upon his arrival to the United States, Texas state law enforcement arrested him for criminal trespass, transferred him to ICE's custody, and ICE placed him in removal proceedings.[2]  He was released by ICE into the United States on his own recognizance in November 2024.[3]

---

[1] Pet. Writ Habeas Corpus ("Pet.") (doc. no. 1) at ¶ 2.
[2] Id.
[3] Id. ¶ 27.

ICE took Lokombe back into custody in June 2025 and detains him at the Strafford County Department of Corrections.[4]  On August 14, 2025, an Immigration Judge held a custody redetermination hearing.[5]  At the hearing, DHS argued that Lokombe was a danger to the community based on his criminal trespass charge, and a flight risk based on his limited ties to the United States.[6]  DHS specifically highlighted that Lokombe had no applications for relief pending before the Immigration Court and no fixed address in the United States.[7]  Lokombe's counsel responded by noting that his criminal trespass charge was contemporaneous with his entry to the United States and pointed to a letter in support submitted by Lokombe's community sponsor.[8]  Ultimately, the Immigration Judge granted Lokombe bond in the amount of $7,500.[9]

The same day, DHS filed a Notice of Intent to Appeal Custody Redetermination, which automatically stayed the immigration judge's custody decision for 90 days under 8 C.F.R. § 1003.19(i)(2) while DHS appealed the Immigration Judge's decision to the BIA.[10]  On December 2, 2025, the BIA sustained DHS's appeal and vacated the Immigration Judge's decision granting bond under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[11]  On December 22, 2025, ICE ordered Lokombe removed.[12]

Lokombe then filed a petition for writ of habeas corpus asserting that his continued detention beyond the November 25, 2025 lapse of the 90-day stay period violates the Due Process Clause of the Fifth Amendment.[13]  The Respondents opposed the petition but conceded that Lokombe was "likely eligible for relief" under *Loja v. FCI Berlin*, 808 F.Supp.3d 277 (D.N.H. 2025).[14]  Based on that concession, this court ordered the same relief the petitioner received in that case: a bond hearing before an Immigration Judge as soon as practicable.[15]  The Immigration Judge held the court-ordered bond hearing on February 17, 2026.[16]  At that second hearing, DHS again argued that Lokombe was dangerous and a flight risk based on the same evidence presented in the initial bond hearing, plus the fact that an order for Lokombe's removal had entered in the interim.[17]  The Immigration Judge ultimately concluded that DHS had demonstrated that Lokombe presented a flight risk that no amount of bond could ameliorate based on "the totality of

---

[4] *Id.* ¶¶ 3, 22, 28.

[5] *Id.* ¶ 30.

[6] Audio Recording of Aug. 14, 2025 Bond Hearing (doc. no. 5-1).

[7] *Id.*

[8] *Id.*

[9] Pet. (doc. no. 1) ¶ 30.

[10] *Id.* ¶ 31.

[11] Dec. 2, 2025 BIA Order (doc. no. 1-7).

[12] Dec. 22, 2025 Order of the Immigration Judge (doc. no. 1-10).

[13] *See* Pet. for Writ of Habeas Corpus, *Lokombe v. Wesling, et al.*, No. 1:26-cv-00053-JL-AJ (D.N.H. Jan. 30, 2026), (doc. no. 1).

[14] Response to Pet., *Lokombe*, No. 1:26-cv-00053-JL-AJ (doc. no. 6) at 1.

[15] Summary Order for Bond Hearing, *Lokombe*, No. 1:26-cv-00053-JL-AJ (doc. no. 9).

[16] Pet. (doc. no. 1) ¶ 38.

[17] Audio Recording of Feb. 17, 2026 Bond Hearing (doc. no. 5-3).

the evidence," specifically noting Lokombe's short length of residence in the United States, his immigration history, and the procedural posture of his desired relief, including the pending order of removal.[18]

Lokombe now petitions this court for a second time, asserting that the bond hearing he received did not comport with due process requirements because the Immigration Judge did not consider alternatives to detention and the evidence was insufficient as a matter of law to support the Immigration Judge's conclusion that he presents a flight risk no amount of bond could ameliorate. As to relief, Lokombe seeks immediate release. The respondents move to dismiss the petition, objecting both on the merits and on jurisdictional and exhaustion grounds.

## II.    Jurisdiction

This court may grant a writ of habeas corpus to a person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although 8 U.S.C. § 1226(e) provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole," the respondents concede that this court may review an Immigration Judge's decision to deny bond to determine "whether the petitioner received the constitutional due process to which he was entitled." *Massingue v. Streeter*, 2020 WL 1866255, at *4 (D. Mass. Apr. 14, 2020).

As noted above, Lokombe challenges the constitutional sufficiency of the second bond hearing, arguing, inter alia, that the evidence before the Immigration Judge was insufficient, as a matter of law, to support a finding by a preponderance of evidence that he was a flight risk, as required by *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Based on the respondents' concession, and as it did previously in *Makuraza v. Wesling, et al.*, 2026 WL 1068066 (D.N.H. Apr. 20, 20216), this court joins others in finding that "[a]lthough the court may not review the Immigration Judge's discretionary judgment, the Immigration Judge does not have discretion to fail to apply the burden of proof that due process requires." *See Mayancela Mayancela v. FCI Berlin, Warden*, 2025 WL 3215638 at *5 (D.N.H. Nov. 18, 2025) (McCafferty, J.); *see also Massingue*, 2020 WL 1866255 at *4; *Dos Reis v. Vitello*, 2025 WL 1043434 at *2 (D. Mass. Apr. 8, 2025).

## III.    Administrative exhaustion

"There are two species of exhaustion: statutory and common-law. The former deprives a federal court of jurisdiction, while the latter 'cedes discretion to a [federal] court to decline the exercise of jurisdiction.'" *Brito v. Garland*, 22 F.4th 240, 255 (1st Cir. 2021) (quoting *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 174–76 (1st Cir. 2016). Since no statute requires exhaustion, "sound judicial discretion governs." *Morgan v. Garland,* 120 F.4th 913, 927 (1st Cir. 2024) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)). In making the decision, the court "must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Anversa*, 835 F.3d at 176 (quoting *McCarthy*, 503 U.S. at 146). "[I]f the situation is such that 'a particular plaintiff may suffer

---

[18] *Id.*

3

irreparable harm if unable to secure immediate judicial consideration of his claim,' exhaustion may be excused even though 'the administrative decisionmaking schedule is otherwise reasonable and definite.'" *Portela-Gonzalez v. Sec'y of the Navy,* 109 F.3d 74, 77 (1st Cir. 1997) (citing *McCarthy v. Madigan,* 503 U.S. 140, 147 (1992).

The particular facts and circumstances of Lokombe's case warrant waiver of exhaustion under that standard. Lokombe is suffering irreparable harm in the form of loss of liberty while detained. *Brito,* 22 F.4th at 256 ("[E]xhaustion might not be required if [the petitioner] were challenging her incarceration ... or the ongoing deprivation of some other liberty interest." (quoting *Bois v. Marsh,* 801 F.2d 462, 468 (D.C. Cir. 1986))). Considering the potential length of detention for an appeal of the Immigration Judge's flight risk finding, the court finds that Lokombe is not required to exhaust his administrative remedies under the facts and circumstances of this case.

## IV.    Analysis

Although this court has authority to consider Lokombe's claim, that authority is "limited." *Mayancela Mayancela,* 2025 WL 3215638, at *5 (citing *Diaz Ortiz v. Smith,* 384 F. Supp. 3d 140, 143 (D. Mass. 2019)). "To obtain habeas relief, a petitioner must show that the Immigration Judge failed to place the burden of proof on the government to show dangerousness by clear and convincing evidence by 'either point[ing] to the language of the [Immigration Judge's] opinion or demonstrate[ing] that 'the evidence itself could not – as a matter of law – have supported' the [Immigration Judge's] decision to deny bond.'" *Id.* Although "Immigration Judges generally must sufficiently explain their reasoning to permit appellate or judicial review of their decisions… an Immigration Judge 'need not spell out every last detail of [her] reasoning where the logical underpinnings are clear from the record.'" *Id.* at 6 (citing *Barnica-Lopez v. Garland,* 59 F.4th 520, 530 (1st Cir. 2023) and *López-Gómez v. Bondi,* 154 F.4th 1, 4 (1st Cir. 2025)).

Lokombe has not made this showing. He has two essential arguments. First, he argues that at the hearing, the Immigration Judge was required to consider alternatives to detention. Second, he argues that his removal order could not, as a matter of law, support a flight-risk finding by a preponderance of the evidence. The Immigration Judge issued her decision orally at the end of the bond hearing, and the record contains no written memorandum of decision by the Immigration Judge. Accordingly, the court bases its analysis on the audio recording and transcript of the bond hearing.[19]

***Alternatives to detention.*** Neither the Supreme Court nor the First Circuit Court of Appeals have held that due process affirmatively requires an Immigration Judge to consider alternatives to detention at a bond hearing. *See Higiro v. Nessinger,* 2026 WL 710297, at *5 (D.R.I. Mar. 13, 2026). Nor does the record reflect that Lokombe proposed any specific alternatives to detention for the Immigration Judge's consideration. In the absence of binding authority imposing such a requirement, the court declines to conclude that the Immigration Judge committed constitutional error by failing to independently raise and assess alternatives to detention that were not presented by the Lokombe. The court therefore rejects Lokombe's first challenge to his bond hearing.

---

[19] Doc. nos. 5-1 and 5-2.

***Evidence as a matter of law***.  To prevail on his second argument, Lokombe is required to "demonstrate that the evidence itself could not—as a matter of law—have supported the [Immigration Judge's] decision to deny bond." *Mayancela Mayancela*, 2025 WL 3215638, at \*5.[20]  Lokombe has not made this showing.  As noted above, the Immigration Judge based her flight-risk finding on the "totality of evidence," specifically highlighting (a) Lokombe's short length of residence in the United States; (b) his immigration history; and (c) the posture of his immigration proceedings, including that he is under a (not yet final) order of removal.  These factors are among those explicitly identified by *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), as relevant to any determination regarding whether a noncitizen "merits release from bond."  *See id.* at 40 (listing factors for the Immigration Court's consideration that include "the alien's length of residence in the United States," "the alien's history of immigration violations," and "the alien's manner of entry into the United States").   While some courts may have weighed the evidence available to the Immigration Judge differently or reached a different conclusion, a short presence in the United States (only six months at the time of re-detention) coupled with an order of removal from which the possibility of relief is, per the Immigration Judge's characterization, "speculative," could support a finding by a preponderance of the evidence that Lokombe presents a flight risk no amount of bond could ameliorate.  Lokombe provides no binding authority showing that an individual in his position is not, as a matter of law, a flight risk, or additional evidence is required to reach a constitutional benchmark of sufficiency.  Ultimately, he disagrees with the Immigration Judge's weighing of the evidence before her, which this court has no jurisdiction to review.

## V.   Conclusion

Because Lokombe has not demonstrated that the Immigration Judge failed to apply the constitutional standard in his bond determination and that is the only relief he seeks, the court denies this second request for supplemental habeas relief.[21]

---

[20] This qualification—"as a matter of law"—is crucial because ordering relief based on this court's disagreement over the weight or factual sufficiency of the evidence is prohibited by applicable statutes and decisional law.  *See* 8 U.S.C. § 1226(e) (providing that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review," and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole"); *Demore v. Kim*, 538 U.S. 510, 516 (2003) (explaining that 8 U.S.C. § 1226(e) bars an alien's challenge to "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release" (internal quotation marks omitted)).

[21] Doc. no. 9; *see* Summary Order for Bond Hearing, *Lokombe*, No. 1:26-cv-00053-JL-AJ (doc. no. 9) (granting initial request for habeas relief).

SO ORDERED.

Joseph N. Laplante
United States District Judge

Dated: May 8, 2026